**MICHAEL J. SMITH  # 011105**
Attorney at Law
16825 S. Desert Foothills Pkwy
#94328
Phoenix, AZ 85048
(602) 228-9938
gonzalezandsmith@aol.com
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| United States of America, | ) | No. CR-22-00747-SMB |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| vs. | ) | **OBJECTIONS TO PRESENTENCE** |
| | ) | **REPORT, IN THE ALTNERNATIVE** |
| Matthew Scott Shofner, | ) | **DOWNWARD VARIANCE** |
| Defendant. | ) | |
| _____ | ) | |

The defendant, Matthew Scott Shofner, through counsel undersigned, lodges the following objections to the revised presentence report filed May 8, 2024. (Doc. 48) In the alternative, the defendant moves for a downward variance of 2 levels based upon *United States v. Steven Duarte*, 22-50048 (9th Cir.).

OBJECTION 1: Page 5, paragraph 18 of the PSR.  The probation officer sets forth a base offense level of 14.  USSG §2k2.1(b)(6)(A).  Probation asserts that the defendant was a prohibited possessor at the time he committed the offense.  Given the holding in *United States v. Steven Duarte*, 22-50048 (9th Cir.), the applicable base offense level is 12.  USSG §2K2.1(a)(7).

*Duarte, supra.*, found 18 U.S.C. §922(g)(1), to be unconstitutional.  The court held that applying *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), requirement of a two-step analysis of text and history forecloses prosecution. *Duarte*, held that the right to possess firearms is a constitutional right, applying this to a handgun in question.  This right cannot be abridged without a historical basis stemming from the time of the drafting of the second amendment.  Looking at 18 U.S.C. §922(g)(3), controlled substance users, as applied to this matter, we have clearly protected arms and no historical basis for the cessation of the defendant's right to possess said firearms.  Turning to the time of drafting of the relevant document (the Second Amendment) there were no restrictions with regard to arms placed upon individuals who used or were addicted to what are now controlled substances.  There is a long history of unrestricted sales of cocaine in products, opium in products, codeine in products and the list can go on.  Going to an opium den or being dependent on unprescribed medication for "nerves" did not preclude a citizen from owning or possessing arms. Without the historical basis to sever the defendant's right to own or possess a firearm, 18 U.S.C. §922(g)(3) is unconstitutional. Therefore, the application of the higher offense level in USSG §2K2.1((a)(6)(A) for an unconstitutional offense should be precluded.

Alternatively, given the recency of the ruling in *Duarte* and the pending En Banc Petition filed, the defendant requests a 2-level downward variance.

USSG CALCULATIONS:  If the court sustains the defendant's objection, his offense level calculations would be:

Base Offense Level §2K2.1(a)(7)                                                    12

Offense Characteristic: §2K2.1(b)(1)(C)                                       +6

| Adjusted Offense Level: | 18 |
| Acceptance of Responsibility §3E1.1(a) | -2 |
| Acceptance of Responsibility §3E1.1(b) | -1 |
| Total Offense Level | 15 |

Mr. Shofner's offense level is 15 and criminal history II, giving a Guidelines range of 21-27 months.

RESPECTFULLY SUBMITTED this 31st day of May, 2024

By:

Michael J. Smith

CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2024 I electronically transmitted Objections to Presentence Report using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

CLERK OF THE COURT
DISTRICT COURT
Sandra Day O'Connor US Court House
Suite 130
401 W. Washington- SPC 1
Phoenix, AZ 85003-2118

Jacqueline Nan Schesnol

By:
Michael J. Smith