GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-22-00747-001-PHX-SMB |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM AND RESPONSE TO DEFENDANT'S OBJECTION TO THE PRESENTENCE REPORT** |
| Matthew Scott Shofner, | |
| Defendant. | |

Defendant Matthew Scott Shofner ("Defendant" or "Shofner") pleaded guilty to Count 1 of the Indictment, Dealing Firearms Without a License.  The United States recommends that Defendant receive a sentence of 27-months' imprisonment.  The United States further recommends that Defendant receive a term of three-years' supervised release.

The United States has no legal objections or factual corrections to the Draft Presentence Report ("Draft PSR").  (ECF 48.)  The United States agrees with the Draft PSR calculations resulting in a Final Offense Level of 17 and Criminal History Category II.  (Draft PSR at ¶¶ 27, 31, and 55.)  This results in a Guidelines range of 27-33 months' imprisonment.  The United States's sentencing recommendation is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     FACTS AND PROCEDURAL HISTORY

A grand jury indicted Defendant Shofner on June 29, 2022.  (ECF 1.)  Defendant Shofner  appeared pursuant to a Summons, and on July 13, 2022 was released with conditions.    Shofner's release conditions included: not to commit any federal, state, or local crimes, and not to possess or attempt to acquire firearms.  (ECF 10.)  On January 6, 2023, Defendant Shofner was arrested by the Mesa Police Department (MPD).    While executing a state authorized search warrant, MPD found between 2,000 and 3,000 fentanyl pills, 10 firearms, and ammunition.  (ECF 37.)  As a result, Shofner was charged in state court and entered a plea to Possession of Narcotic Drugs for Sale, and he was ultimately sentenced to nine-months incarceration in the Arizona Department of Corrections.  Once released and released to federal authorities in the present case, Shofner pleaded guilty  to Count 1 of the Indictment, Dealing Firearms Without a License, in violation of 18 United States Code §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D), on March 27, 2024.  Defendant agreed with the following facts set forth in his plea agreement at the change of plea proceeding.

On or between May 13, 2021, and June 28, 2022, in the District of Arizona, I, MATTHEW SCOTT SHOFNER, purchased at least 105 firearms.  At least 93 of those firearms were for the purpose of reselling them for a profit or trading them for other firearms, which I would then resell for a profit.  I purchased these firearms from Federal Firearms Licensees, and I re-sold them at a higher price, retaining the profits.  I have never possessed a license to engage in the business of dealing firearms.

While on pretrial release in this matter, I knowingly possessed firearms and ammunition in violation of the condition of my release that I "not possess or attempt to acquire any firearm or destructive device, or other dangerous weapon or ammunition."

In addition to the facts in the plea agreement, it is worth noting that on 34 separate ATF Form 4473, Defendant Shofner made false statements on those forms; Shofner purchased firearms days after ATF agents issued a letter warning him not to engage in

dealing firearms without a license; and he continued to purchase firearms after his initial appearance in the present case.  (Draft PSR at ¶¶ 9, 11, and 12.)   Ten of the firearms Shofner purchased have been recovered, with a range from 27-476 days from purchase to recovery.  Firearms were recovered in Arizona and California, and at least three handguns were found in the possession of individuals under that age of 21.

## II.    UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTION

Defendant Shofner objects to the base offense level of 14, pursuant to U.S.S.G. § 2K2.1(a)(6)(A).   The basis for this objection is the recent 9th Circuit Court of Appeals decision in *United States v. Duarte*, --- F.4th ---, 2024 WL 2068016 (9th Cir. May 9, 2024).  In *Duarte*, a divided panel of the Ninth Circuit held that 18 U.S.C. § 922(g)(1)'s prohibition on firearm possession by felons was unconstitutional as applied to a defendant with prior felony convictions for vandalism, possession of a firearm by a felon, possession of a controlled substance for sale, and evading a police officer.  The panel first held that plain-error review was not required under Federal Rule of Criminal Procedure 52(b) because Duarte's Second Amendment challenge was foreclosed at the time of Duarte's trial by *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010), which had upheld § 922(g)(1) under the Second Amendment. Next, the panel held that *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), overruled *Vongxay*.  And, finally, the panel held that § 922(g)(1) was unconstitutional under the test announced in *Bruen*, holding that Duarte was part of "the people" and that § 922(g)(1)'s application to him was inconsistent with the historical tradition of firearm regulation.

The panel majority repeatedly mentioned that Duarte's prior felonies were "non-violent offenses," but it stopped short of holding that § 922(g)(1) is unconstitutional as applied to all "non-violent offenses." Instead, the panel ultimately held that, to justify an application of § 922(g)(1), the government must identify "Founding-era felony analogues that are 'distinctly similar' to [the defendant's] underlying offenses" that "would have been punishable either with execution, with life in prison, or permanent

forfeiture of the offender's estate." *Duarte*, 2024 WL 2068016, at \*24. And the court concluded that Duarte's felonies failed this standard. His vandalism conviction "likely would have made him a misdemeanant at the Founding"; his felon-in-possession offense "was a nonexistent crime" at the Founding; and there was no evidence that "drug possession and evading a peace officer" had "an analogous, Founding-era predecessor." *Id.*

The present case is distinguishable from *Duarte*, as that case was specific to 922(g)(1). The present case involves a sentencing enhancement pursuant to 18 U.S.C. 922(g)(3). As such, the guidelines as determined in the Draft PSR is correct and Defendant's objection should be denied. The government notes, that should the Court grant Defendant's request, the final guidelines would be a level 15 with a criminal history II, making the incarceration range 21-27 months. A 27-month sentence is still permissible pursuant to the plea agreement and an appropriate sentence.

### III.   UNITED STATES' SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Shofner receive a sentence of 27 months in the Bureau of Prisons ("BOP"), which is the low-end of the Guidelines as determined in the Draft PSR. The government also recommends the term of incarceration be followed by a term of three-years' supervised release. As calculated in the PSR, Defendant Shofner has a Total Offense Level of 17, Criminal History Category II, and a Guidelines range of 27–33 months' imprisonment. The United States will dismiss Counts 2-36 of the Indictment.

### A.   A Sentence of 27 months in BOP is Appropriate under § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted). The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court. *Id.* (citations omitted). When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider

the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).    As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50).  The United States submits that 27-months' imprisonment for this defendant is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1.    Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1).  Defendant Shofner engaged in Dealing Firearms Without a License, where he earned a profit of $200-300 per firearm.  Some of these firearms were found in another state and some in the possession of those who could not legally possess firearms.  Shofner continued to purchase firearms not only after he was contacted by ATF, but also after his initial appearance in this case, in violation of his release conditions.  Defendant committed a serious crime while on release for the present case, for which he was sentenced to the Arizona Department of Corrections.   The nature and circumstances of Defendant's actions justify a sentence of 27 months in the BOP.

### 2.    Defendant's History and Characteristics

Defendant Shofner committed another crime while on release for the present offense.  Defendant appears to have a substance abuse issue, as set forth in the Draft PSR. To Shofner's credit, he did self-report his drug use, which is the basis for the base offense level of 14 versus 12.  Shofner's behavior after being contacted by ATF and after his release for this crime shows disrespect and a disregard for the law.  A Guideline sentence is appropriate.

### 3.    Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

Selling firearms to individuals who have not been properly vetted is extremely dangerous. Defendant Shofner's crime warrants a prison sentence of 27-months' incarceration.

### 4.    The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).  A prison sentence is appropriate to deter Defendant from committing future crimes.  The need for deterrence also extends beyond preventing recidivism by Defendant.  General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant.  *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing").   Thus far, Defendant Shofner has not been deterred from committing crimes.  Defendant Shofner's sentence must be sufficient to deter him and other persons who engage in criminal conduct.

### 5.    Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C).   Defendant Shofner's conduct is serious, and a Guidelines sentence is appropriate.

### 6.    Providing Needed Correctional Treatment

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D).  From a review of the Draft PSR, it is clear Defendant Shofner could benefit from drug, alcohol, and mental health treatment.  The government has considered these issues, and that is the justification for the low-end recommendation.  If Defendant Shofner is serious about addressing his mental health and substance abuse issues,  then he can receive treatment while in prison.

**B.    A Three-Year Term of Supervised Release is Appropriate under §
3583(c)**

The United States recommends that Defendant Shofner be placed on supervised
release for three years.  This term is warranted by the nature and circumstances of
Defendant's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.).
It will provide the structure necessary to ensure Shofner remains law abiding and gets
additional treatment once released from prison.  This will protect the public from further
crimes by Defendant Shofner and, hopefully, deter him from committing additional crimes
in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)(B) and (C)).

**IV.    CONCLUSION**

The United States recommends that Shofner receive a sentence 27 months'
imprisonment.  The United States further recommends that Defendant receive a term of
three years' supervised release.  For all the reasons set forth herein, this sentence is
sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C.
§ 3553(a).

Respectfully submitted this 3rd day of May, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 3, 2024, I electronically transmitted the attached
document to the Clerk's Office using the CM/ECF System for filing and transmittal of a
Notice of Electronic Filing to the following CM/ECF registrants:

Michael Smith
Counsel for Defendant Shofner

*s/ J. Schesnol*
U.S. Attorney's Office