**Michael J. Smith**
AZ State Bar No. 011105
P.O. Box 94328
Phoenix, Arizona 85070
(602) 228-9938
gonzalezandsmith@aol.com
Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America,<br>Plaintiff. | **)**<br>**)**<br>**)** | **No. CR-22-00747-001-PHX-SMB** |
| vs. | **)**<br>**)** | **SENTENCING MEMORANDUM** |
| Matthew Scott Shofner,<br>Defendant. | **)**<br>**)**<br>**)** | |
| _____ | **)** | |

The defendant, Matthew Shofner, through counsel undersigned, provides this court with a sentencing memorandum and a recommendation of a sentence of 12 months and 1 day.

Mr. Shofner had a very difficult childhood and young adulthood. Mr. Shofner had never been to jail prior to this matter. Mr. Shofner did receive a sentence of probation in Maricopa County Superior Court with 9 months in County Jail so he could complete the Alpha Program, an intense drug treatment program similar to the Federal RDAP program. The time in custody has taught Mr. Shofner how precious his freedom is and the absolute need to remain sober and law abiding.

After completing his treatment in County Jail, for Mr. Shofner was transferred to Federal custody and he put his time at Corecivic to good use. Mr. Shofner has completed the following programs and received certificates for:

Anger Management;

Cognitive Awareness;

– 1 –

8 get in the Herd – Recovery podcasts;

2 Motivation and Inspiration for incarceration to Recovery;

Valor Life 88, 89, 92, 95, 97 and 99.

He has demonstrated his commitment to sobriety and now understands the seriousness of his actions that placed him both in state custody and federal custody.  He will be on supervised probation in state court, and with the additional resources available on supervised release, there is a low risk of recidivism. He has been in custody for the last 1.5 years and will never place his freedom at risk again.  Mr. Shofner realizes he must pay a price for his actions, however, given the duration he was in state custody, his lack of prior criminal activity, his horrendous upbringing and his mental health issues from PTSD, a sentence of 12 months and 1 day with 3 years of supervised release is sufficient but not more than necessary to meet the interests of justice.

**18 U.S.C. §3553**

Just as the court is required to consider the Guidelines the court is also required to consider 18 U.S.C. §3553.  18 U.S.C. §3553 requires the court to consider: (1) the nature and circumstances of the offense and the history and character of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, provide deterrence and protect the public; (3) the kind of sentences available; (4) the guidelines; (5) policy statements; (6) avoid sentencing disparity, and; (7) need to provide restitution to the victims.

**1.)  The nature and circumstances of the offense**.  Mr. Shofner bought and later sold firearms without a dealer's license.  Mr. Shofner did use his correct name and the address reflected on his driver's license.  Mr. Shofner was not concealing his identity.

**2.)  The need for the sentence to reflect the seriousness of the offense, provide deterrence and protect the public**.   A sentence 12 months and 1 day would reflect the seriousness of the offense given the defendant's history, social background and

circumstances of the offense.  Mr. Shofner is not a risk to reoffend given his treatment and on-going commitment to sobriety.  Mr. Shofner will never again place his freedom at risk by engaging in any criminal behavior.

**4-5.) The Guidelines and Policy statements**.  The guidelines are reflected in the presentence report, subject to defense objections.

**6.) The need to avoid sentencing disparity**.  There will be no sentencing disparity. The specific facts and circumstances warrant the defense's recommended sentence.  Mr. Shofner would receive a sentence commensurate with what many individuals with a similar history, similar factual scenario and offense level would receive.  The Guidelines were made advisory so that the court could exercise its discretion based not only the facts of the case, but the individual to be sentenced.  Mr. Shofner had never been to jail prior to his current circumstances, he recognizes that his freedom, both from incarceration and controlled substances, is something he will never jeopardize again. Extended incarceration risks losing the gains he has made so far while incarcerated.

**7.) Restitution**

Restitution is not applicable.

For the foregoing reasons, it is requested that this court sentence Mr. Shofner to 1 year and 1 day and 3 years of supervised release.

RESPECTFULLY SUBMITTED this 6th day of June 2024.

By:

Michael J. Smith
Attorney at Law

– 3 –

CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2024 I electronically transmitted a Sentencing Memorandum using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk of Court
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington Street – SPC 1
85003-2118

Jacqueline Schesnol

By: /s/ Michael J. Smith
   MICHAEL J. SMITH